# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> ALBERT CHAVEZ, <br><br> Defendant. | No. CR 01-4008-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* PETITION TO MODIFY COURT JUDGMENT PURSUANT TO FED. R. CIV. P. 60(B) AND *PEPPER V. UNITED STATES*** |

_____

This case is before me on defendant Albert Chavez's May 28, 2013, Petition To Modify Court Judgment Pursuant To Fed. R. Civ. P. 60(b) and *Pepper v. United States*, [131 S. Ct. 1229 (2011)] (Rule 60(b) Motion) (docket no. 60). In his Rule 60(b) Motion, Chavez seeks to modify not the most recent order in his case—that is, the February 8, 2013, Order (docket no. 59) denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2)—nor even the April 15, 2004, Order (docket no. 53) and Judgment (docket no. 54) denying his Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255, but the September 22, 2003, Judgment In A Criminal Case (docket no. 40), imposing a sentence of 188 months of imprisonment on a charge of possession with intent to distribute 500 grams or more of a methamphetamine mixture. Chavez argues that his sentence should now be reduced pursuant to Rule 60(b), because the prior judgment is no longer equitable in light of his post-sentencing rehabilitation, which the Supreme Court's decision in *Pepper* has authorized sentencing judges to consider.

Chavez pleaded guilty to the drug charge in question, pursuant to a plea agreement, on June 27, 2003, *see* Report And Recommendation (docket no. 33) and Hearing Minutes (docket no. 34); I accepted his guilty plea on July 21, 2003, *see* Order (docket no. 37); and I subsequently sentenced him to 188 months of imprisonment on September 18, 2003, *see* Hearing Minutes (docket no. 39) and Judgment (docket no. 40). Chavez did not appeal his conviction or sentence. Nevertheless, Chavez filed a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (§ 2255 Motion) (docket no. 52) on April 5, 2004, in which he asserted that his trial counsel was ineffective for failing to request a downward departure on the ground that a criminal history category of III over-represented the seriousness of his criminal history, and that his trial counsel was ineffective for failing to object to the recommendation in the Presentence Investigation Report that he not be granted an adjustment for acceptance of responsibility. *See* Order (docket no. 53) (summarizing Chavez's § 2255 claims). I denied Chavez's § 2255 claims and denied a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in an Order (docket no. 53), filed April 15, 2004. Chavez filed a *pro se* Notice of Appeal (docket no. 55) as to the denial of his § 2255 Motion on June 7, 2004, but the Eighth Circuit Court of Appeals denied his application for a certificate of appealability on July 22, 2004. *See* Judgment Of The Eighth Circuit Court of Appeals (docket no. 57) (docketed September 24, 2004). For more than eight years, this case lay dormant.

On October 19, 2013, Chavez filed a *pro se* Motion To Modify Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) (§ 3582 Motion) (docket no. 58), asserting that intervening amendments to the Sentencing Guidelines would reduce his guidelines offense level by three levels, resulting in a modified sentencing range of 97 to 121 months, although he did not explain the basis for this lower guideline calculation, and also asserting that, in my reconsideration of the 18 U.S.C. § 3553(a)

sentencing factors, I should consider his participation in rehabilitation programs while in prison. I denied Chavez's § 3582 Motion in an Order (docket no. 59), filed February 8, 2013, because I concluded that Chavez had not identified an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(c) that would change his guideline sentence. I noted that, to the extent that Chavez believed that Amendment 740 applies to him, that Amendment is not included in U.S.S.G. § 1B1.10(c).

In his May 28, 2013, Rule 60(b) Motion, Chavez now reiterates an argument from his § 3582 Motion as the basis for modification of the judgment in his criminal case imposing a sentence of 188 months of imprisonment—that is, that the judgment is no longer equitable, in light of his post-sentencing rehabilitation. It is clear that this ground for relief from his sentence is different from either of the grounds for *habeas* relief that Chavez raised more than 9 years ago in his § 2255 Motion. It is equally clear that his present Rule 60(b) Motion must be dismissed as a second or successive petition for § 2255 relief for which he has not received permission of the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3).

Rule 60(b) applies to *habeas* proceedings to the extent it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* 28 U.S.C. § 2255; FED. R. CIV. P. 81(a)(4). A successive § 2255 motion requires certification by a court of appeals before filing. *See* 28 U.S.C. § 2244(b)(3)(A). "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F. 3d 1093, 1094 (8th Cir. 2002) (*per curiam*) (also explaining that inmates may not bypass authorization requirement of 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (*per curiam*)

(explaining that, if a Rule 60(b) motion is actually a successive *habeas* petition, the district court should deny it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals).

Rule 60(b) creates an exception to the finality of a district court's judgment in a *habeas* proceeding. *See Ward*, 577 F.3d at 933. District courts, when presented with a purported Rule 60(b) motion following the dismissal of a petitioner's *habeas* claims, should conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814.

A Rule 60(b) motion is a second or successive *habeas* corpus application if it contains a "claim." *Ward*, 577 F.3d at 933. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a *habeas* corpus application. *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). As the Eighth Circuit Court of Appeals has explained,

> For the purpose of determining whether the [Rule 60(b)] motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim on the merits." *Gonzalez*, 545 U.S. at 530, 532, 125 S.Ct. 2641. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n.4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA.

*Ward*, 577 F.3d at 933. On the other hand, the court has explained,

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." [*Gonzalez*, 545 U.S.] at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the

4

> merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n. 4. . . .
>
> The Supreme Court has "note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Id*. at 532 n. 5, 125 S.Ct. 2641 (internal citation omitted). . . .

*Ward*, 577 F.3d at 933.

Conducting the required brief initial inquiry to determine whether the allegations in Chavez's Rule 60(b) Motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255, *see Boyd*, 304 F.3d at 814, it is clear that Chavez's Rule 60(b) Motion is, in fact, such a second or successive collateral attack under § 2255. Here, Chavez's Rule 60(b) Motion does assert a "claim," because it asserts that relief is required from his federal sentence *on the merits*, not simply on the basis of an error in the resolution of a procedural issue. *Cf. Ward*, 577 F.3d at 933 (defining a "claim" by a state prisoner as an assertion of a federal basis for relief from a state conviction or an attack on the federal court's prior resolution of such a claim on the merits). Indeed, in his Rule 60(b) Motion, Chavez mounts an attack on his federal sentence based on his own conduct—his efforts at post-sentencing rehabilitation—in effect asking for a second chance to have his sentence determined more favorably in light of additional factors that have arisen since his original sentencing. *Cf. id.* (explaining that an attack based on the movant's own conduct does not ordinarily go to the integrity of the proceedings, but in effect asks for a second chance at a favorable determination on the merits, and as such, is a "claim"). Because Chavez's Rule 60(b) Motion presents a "claim," it must be treated as a second or successive *habeas* petition under AEDPA, and because he has not obtained certification by a court of appeals

before filing such a second or successive *habeas* petition, as required by 28 U.S.C. § 2244(b)(3)(A), his Rule 60(b) Motion must be denied. *Boyd*, 304 F.3d at 814 (explaining that, if a Rule 60(b) motion is actually a successive *habeas* petition, the district court should deny it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals).

THEREFORE, defendant Albert Chavez's May 28, 2013, Petition To Modify Court Judgment Pursuant To Fed. R. Civ. P. 60(b) and *Pepper v. United States*, [131 S. Ct. 1229 (2011)] (docket no. 60) is **denied**, on the ground that it is a second or successive § 2255 motion filed without certification from the court of appeals.

**IT IS SO ORDERED**.

**DATED** this 26th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA